UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____x
GERALD YOUNGMAN,

                              Civil Action No. _____

        Plaintiff,

                              **COMPLAINT AND DEMAND**
vs.                              **FOR JURY TRIAL**

LACY KATZEN LLP and MICHAEL S.
SCHNITTMAN, ESQ.

        Defendant.
_____x

## COMPLAINT

### *INTRODUCTION*

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. A claim is also brought under New York General Business Law § 349(a), which prohibits deception "in the conduct of any business, trade, or commerce."

### *JURISDICTION AND VENUE*

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

1

## *PARTIES*

4. Plaintiff, Gerald Youngman, is a natural person residing in Buffalo, Erie County, State of New York.

5. Defendant, Lacy Katzen LLP and Michael S. Schnittman (hereby referred to as "Defendants"), are a law firm and collection attorney, respectfully, engaged in the business of collecting consumer debts in this state with their principal place of business located at 130 East Main Street, P.O. Box 22878, Rochester, NY 14692-2878. The principal purpose of Defendants is the collection of consumer debts in this state and Defendants attempts to collect debts alleged to be due another.

6. Defendant, Lacy Katzen LLP, is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Defendant, Michael S. Schnittman, is engaged in the collection of debts from consumers using the mail and telephone. Defendant, Michael S. Schnittman regularly attempts to collect consumer debts alleged to be due another. Michael S. Schnittman is also a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. All references to "Defendants" herein shall mean the Defendants or an employee(s) or principle(s) of the Defendants.

## *FACTUAL ALLEGATIONS*

9. On or about October 12, 2010, Defendants sent Plaintiff a Restraining Notice with Information Subpoena.

10. Prior to and during the time the aforementioned notice was sent, Plaintiff was represented by counsel. Even though the Defendants had knowledge of said representation, they sent the Restraining Notice with Information Subpoena anyway, which is in violation of 15 U.S.C. § 1692c(a)(2).

11. Defendants violated 1692c(a)(2) by directly contacting Plaintiff even though Defendants knew that Plaintiff was being represented by an attorney.  Specifically, Defendants violated the FDCPA by sending written communication to the Plaintiff when Defendants knew that he was represented by an attorney.

12. The Defendants' client's state court judgment does not allow it to disregard the protections of 15 U.S.C. § 1692c(a)(2).

13. Furthermore, in the Information Subpoena, Defendants inquired about the income and employment of Plaintiff's spouse. In New York State, a spouse's wages cannot be garnished to pay a judgment rendered solely against the judgment-debtor.  Clearly, Defendants attempted to alarm and therefore scare Plaintiff into thinking that Defendant would garnish his wife's income if he did not pay on the judgment.

14. Due to Plaintiff's false representation, Plaintiff suffered emotional distress and loss of sleep due to wondering if Defendant could indeed garnish his spouse's wages.

15. Furthermore, Defendants asked Plaintiff in question number 17 of the Information Subpoena if he is receiving Social Security income. Due to his age, Plaintiff is soon going to be able to start collecting Federal Social Security benefits.  However, Social Security income is exempt from the reach of judgment creditors.  By inquiring about Plaintiff's possible Social Security income, Defendants attempted in scare Plaintiff into thinking that his future Social Security benefits would be taken from him if he did not pay Defendants.

16. Due to Plaintiff's false representation, Plaintiff suffered emotional distress, nausea and loss of sleep due to wondering if Defendants could garnish his Social Security benefits.

17. Defendants' request of information regarding the income and employment of Plaintiff's spouse, along with Plaintiff's possible Social Security income are not relevant to the satisfaction of a judgment and therefore are not reasonably designed to produce information relevant to the existence of assets available to satisfy a judgment.

18. Defendants' misrepresentations were made in an attempt to scare Plaintiff into paying on a consumer account.

19. After Plaintiff informed his wife that Defendants forwarded documentation inquiring about her income and place of employment, Plaintiff's wife became extremely concerned and suffered emotional distress due to grave concern that her income could be garnished due to a debt/judgment for which she was not legally responsible nor in her name. After observing his wife's distress and reaction to this news, the Plaintiff further worried and experienced additional emotional distress, nausea, anxiety and loss of sleep. In effect, both Plaintiff and his wife worried that they would have to provide the Defendants with her income information so that they could then garnish wages from her paycheck at some unknown time.

20. As a result of the aforementioned acts outlined above, Plaintiff suffered a great deal of emotional distress, nausea, stress, anxiety and loss of sleep.

### FIRST CLAIM FOR RELIEF

21. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one (1) through twenty (20) above.

22. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

23. Defendants violated 15 U.S.C. § 1692 by using false representations and deceptive means to collect a debt.

24. Defendants violated 15 U.S.C § 1692c(a)(2) by directly contacting Plaintiff even though Plaintiff was represented by an attorney.

25. Defendants violated 15 U.S.C § 1692e by deterring Plaintiff from seeking a defense to Defendants' collection actions.

26. Defendants violated 15 U.S.C. § 1692e(13) by using the false representation or implication that documents were legal process when they were not.

27. Defendants violated 15 U.S.C. § 1692e(2)(a) by misrepresenting the legal status of an alleged debt.

### *SECOND CLAIM FOR RELIEF*

28. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one (1) through twenty-seven (27) above.

29. Defendants violated New York General Business Law § 349(a), which prohibits deception "in the conduct of any business, trade, or commerce."

30. Defendants regularly send such improper Information Subpoenas to consumers across New York State as a way to intimidate consumers into paying alleged debts/judgments.

31. By sending such Information Subpoenas to numerous consumers across New York State, a counterclaim under New York General Business Law § 349(a) is proper because Defendants' actions affect the public as a whole.

WHEREFORE, Plaintiff, Gerald Youngman, respectfully requests that judgment be entered against Defendants, Lacy Katzen LLP and Michael S. Schnittman, for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Cost and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Gerald Youngman, demands trial by jury in this action.

Dated:  August 26, 2011

/s/ Jason A. Shear
Jason A. Shear, Esq.
BRENT & SHEAR, P.C.
3957 Main Street, Second Floor
Buffalo, NY 14226
Phone: (716) 831-1111
Fax: (716) 831-1112
Email: jshear@shearlawfirm.com

/s/ Carol A. Brent
Carol A. Brent, Esq.
BRENT & SHEAR, P.C.
3957 Main Street, Second Floor
Buffalo, NY 14226
Phone: (716) 831-1111
Fax: (716) 831-1112
Email: cbrent@brentandshear.com